IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CORINA A. CHAVEZ, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:21-CV-903-O |
| | § | |
| MICHAEL CARR, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Corina A. Chavez, a federal prisoner confined at FMC-Carswell when the petition was filed, against Michael Carr, warden of FMC-Carswell, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for failure to exhaust administrative remedies.

## I. BACKGROUND

Petitioner is serving a total term of 216 months' imprisonment for her 2014 convictions in the United States District Court for the District of New Mexico on multiple counts for her role in trafficking methamphetamine, cocaine, and marijuana. J., United States v. Chavez, No. 5:12-CR-02006-001RB, ECF No. 566. Her projected good-conduct time release date is December 6, 2027. Resp't's App. 3, ECF No. 8. At the time this petition was filed Petitioner was confined at FMC-Carswell, however she was transferred from FMC-Carswell on October 5, 2021. *Id.* at 2. She is currently confined at FCI Phoenix but has not notified the Court of her change of address. *Id.* at 3.

## II. ISSUES

In this bare-bones petition, Petitioner asserts a violation of her constitutional right to due

process as a result of the Bureau of Prisons's (BOP) failure to grant her earned time credits under

the First Step Act of 2018 since its enactment date. Pet. 3, 7, 9, ECF No. 1.

## III.  DISCUSSION

### A.  The First Step Act

The First Step Act of 2018 (FSA), enacted on December 21, 2018, provides, among other

things, for a system allowing eligible prisoners to earn time credits toward time in pre-release

custody or supervised release for successfully completing evidence-based recidivism reduction

programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Under the FSA, the Attorney

General was charged with creating a new risk and needs assessment system, entitled "Prisoner

Assessment Tool Targeting Estimated Risk and Needs" (PATTERN), to assess the recidivism risk

of each prisoner and assign appropriate programing and activities to him/her based on various

factors. *See* U.S. DEP'T OF JUSTICE, OFF. OF THE ATT'Y GEN., The First Step Act of 2018: Risk and

Needs Assessment System (July 19, 2019), https://www.nij.gov/documents/the-first-step-act-of-

2018-risk-and-needs-assessment-system.pdf. Although the FSA required the BOP to "begin to assign

prisoners to the appropriate evidence-based recidivism reduction programs based on that

determination" and "begin to expand the effective evidence-based recidivism reduction programs

and productive activities it offers" by January 15, 2020, the FSA provides for a two-year phase-in

period, or until January 15, 2022, for the BOP to "provide such evidence-based recidivism reduction

programs and productive activities to all prisoners." 18 U.S.C. § 3621(h)(2). Furthermore, the BOP

has determined that FSA time credits "may only be earned for completion of assigned programs and

activities authorized by BOP and successfully completed on or after January 15, 2020." *See* U.S.

DEP'T OF JUSTICE, FED. BUR. OF PRISONS, https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_

credits. Prisoners that successfully complete their assigned programs and activities "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Id.* § 3632(d)(4)(A)(ii).

### B. Exhaustion

Respondent asserts that the petition should be dismissed because Petitioner did not exhaust her administrative remedies or, in the alternative, because she is not entitled to the relief she seeks. Resp't's Resp. 3–7, ECF No. 7. Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994). Judicial enforcement of the administrative exhaustion requirement promotes judicial efficiency and conserves scarce judicial resources, allows the agency time to develop the necessary factual background and apply its specific expertise, and discourages the deliberate flouting of the administrative process. *McKart v. United States,* 395 U.S. 185, 193–95 (1969).

The administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10–542.18. *See United States v. Wilson,* 503 U.S. 329, 335 (1992). Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the

inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15;

*Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply

only in "extraordinary circumstances" when administrative remedies are "unavailable or wholly

inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a

patently futile course of action." *Fuller,* 11 F.3d at 62. The petitioner bears the burden of

demonstrating such circumstances. *Id.*

Petitioner indicates in her petition that she did not seek an administrative remedy but asserts

that

> [n]o administrative remedies are available for constitution violations exhaustion is
> not required when the petitioner demonstrates that it is futile in regards to claims
> which turn only on statutory construction.

Pet. 3–4, ECF No. 1.

However, she fails to present any evidence that any attempt to exhaust the administrative

procedure would, in fact, be futile. Furthermore, exhaustion of administrative remedies would serve

to develop the relevant factual record as to any decisions the BOP may make unique to Petitioner's

case, such as, among others, the actual number of eligible days of credits she has accumulated, the

number of days by which the credits reduce her sentence, and whether crediting her with those

credits would make her eligible for immediate release to pre-release custody or supervised release.

The overwhelming majority of other courts to have considered the issue have agreed that exhaustion

of administrative remedies is required to assist in developing the relevant facts and legal issues. *See*

*Hills v. Carr,* No. 4:21-CV-737-P, 2021 WL 4399771, at *4 (N.D. Tex. Sept. 27, 2021) (citing

cases).

The overwhelming majority of courts to interpret the statutory framework have also agreed

that the BOP is not required to apply earned time credits until the end of the phase-in period on January 15, 2022. *See id.* at \*4 (citing cases). To resolve this issue, a court begins "with the text of the statute." *Permanent Mission of India to the United Nations v. City of New York,* 551 U.S. 193, 197 (2007).When faced with questions of statutory construction, a court must first determine whether the statutory text is plain and unambiguous and, if it is, the court must apply the statute according to its terms. *Carcieri v. Salazar,* 555 U.S. 379, 387 (2009).

18 U.S.C. § 3621(h) provides that "[d]uring the 2-year period described in paragraph (2)(A), the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." 18 U.S.C. § 3621(h)(3). The statute further provides that "[b]eginning on the date of enactment of this subsection, the [BOP] may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and *may* offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D." *Id.* § 3621(h)(4) (emphasis added).

The language of § 3621(h)(4) indicates that the BOP has discretion, but is not required, to provide the programs and incentives during the phase-in period. *Id.* Nothing stated in the statutes directs the BOP to award earned time credits prior to January 15, 2022. The statute's use of "may" makes the BOP's decision to offer prisoners incentives and awards (including awarding time credits) before January 15, 2022, purely discretionary. Thus, the BOP is not obligated to award time credits to those who successfully complete the assigned programs and activities prior to January 15, 2022.

Nevertheless, because Petitioner failed to exhaust her administrative remedies, or demonstrate the futility of exhaustion, the petition should be dismissed so that issues unrelated to the statutory interpretation can be further developed in the administrative process.

## III.  CONCLUSION

For the reasons discussed, the Court **DISMISSES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice for failure to exhaust administrative remedies. The clerk of Court shall send a copy of this opinion and order and the final judgment to Petitioner at her address of record and at FCI Phoenix, Federal Correctional Institution, 37910 N 45th Ave, Phoenix, AZ 85086.

**SO ORDERED** on this 15th day of December, 2021.

Reed O'Connor
UNITED STATES DISTRICT JUDGE